UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BERNARD PETERSON,

    Plaintiff,

v.

WAYNE COUNTY JAIL
MEDICAL STAFF, et al.,

    Defendants.
_____/

Case No. 15-14447
Honorable Victoria A. Roberts
Magistrate Judge Elizabeth A. Stafford

**REPORT AND RECOMMENDATION TO DISMISS THIS
SUIT WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE**

**I.   INTRODUCTION AND BACKGROUND**

On May 25, 2016, Bernard Peterson filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 against Wayne County Jail Medical Staff and other Wayne County Jail officials. [R. 20]. The Honorable Victoria A. Roberts referred the case to the undersigned to resolve all pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). [R. 11].

On October 7, 2106, the Court entered an order consolidating case number 16-11887 with case number 15-14447 and closing case number 16-11887. [R. 18]. The Court sent Peterson a notice regarding the consolidated case to the last address provided, Wayne County Jail – Division 2, 525 Clinton Street, Detroit, Michigan, but the mail to Peterson

was returned as undeliverable. [R. 19, 25]. The Court entered another order, dated October 7, 2016, requiring Peterson to provide an address for defendant Mr. Richardson, and again mailed that order to Peterson at the last address provided, Wayne County Jail – Division 2, 525 Clinton Street, Detroit, Michigan. [R. 22]. However, this mail to Peterson was also returned as undeliverable. [R. 26]. At the outset of this litigation, the Court entered a notice reminding Peterson of his responsibility under E.D. Mich. LR 11.2 to notify the Court of any change in address, and that failure to do so may result in dismissal of the case. [R. 3]. To date, Peterson has not provided the Court with his current address, in violation of LR 11.2.

## II.   DISCUSSION

Federal Rule of Civil Procedure 41 provides:

If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) … operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). "Neither the permissive language of [Rule 41(b)] – which merely authorizes a motion by the defendant – nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that

2

have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). Indeed, Rule 41(b) authorizes the Court "to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir.2008); *see also Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999) ("[D]istrict courts possess broad discretion to sanction parties for failing to comply with procedural requirements."). This Court's local rules further provide that when "the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or an application of a party, enter an order dismissing … the case unless good cause is shown." E.D. Mich. LR 41.2.

Here, Peterson's failure to notify the Court of his change of address makes it impossible for this case to proceed. Accordingly, dismissal for lack of prosecution is warranted. In light of Peterson being an inmate proceeding *pro se*, dismissal without prejudice is appropriate.

## III. CONCLUSION

For the above reasons, the Court **RECOMMENDS** that this action be **DISMISSED WITHOUT PREJUDICE**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: November 28, 2016

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 28, 2016.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
